UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID A. DELGADO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SPOKANE HOUSING AUTHORITY,<br><br>　　　　　　Defendant. | NO. 2:18-CV-0318-TOR<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

　　　BEFORE THE COURT is Plaintiff's Amended Complaint, ECF No. 6, filed on November 14, 2018.  Plaintiff is proceeding *pro se* and *informa pauperis*.  On March 13, 2019, this Court issued an order dismissing certain claims and Defendants and directing the United States Marshal to effectuate service on the Spokane Housing Authority.  ECF No. 11.  Plaintiff was mailed a copy of that Order, but eventually, on May 7, 2019, the United States Postal Service returned that Order addressed to Plaintiff with the following notation:

　　　　　　"RETURN TO SENDER
　　　　　　DELGADO, DAVID A

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

MOVED LEFT NO ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER"

ECF No. 16 at 23. No pleadings have been filed by Plaintiff since February 28, 2019, ECF No. 10, and no updated or forwarding address has been received from Plaintiff.

## DISCUSSION

Plaintiff's case is subject to dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41 and LCivR 41. Specifically, Local Civil Rule 41(b)(2) provides:

> **Contact Information**. A party proceeding pro se shall keep the Court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his or her current mailing or email address, the Court may dismiss the action.

In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In *Carey*, the district court dismissed the action without

prejudice and relied on its Local Rule 41(b)(2), which confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address.

The Ninth Circuit upheld the dismissal, first rejecting that additional notice was due to plaintiff. It reasoned that "the local rule itself provided notice of the action taken. Requiring any additional notice in the unique circumstances presented by a pro se litigant's failure to advise the district court of a change in his address is unworkable. Additional prior notice of imminent dismissal would be a futile gesture, given that the district court's prior mailing to Carey was returned as undeliverable." *Carey*, 856 F.2d at 1441.

Next, the Ninth Circuit explained that no less drastic sanction was available to the district court. "The district court could not contact [Plaintiff] to threaten him with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Id.*

Next, the Ninth Circuit held it is the litigants responsibility to keep the court abreast of their current mailing addresses and it "would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." *Id.*

Having weighed the relevant factors and considered the lengthy lapse of time for which Plaintiff has failed to apprise the Court of his correct mailing address, the Court concludes this case must now be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. The District Court Executive is directed to enter this order and judgment accordingly, forward copies to the Defendant's counsel and **CLOSE** the file.

**DATED** July 25, 2019.



THOMAS O. RICE
Chief United States District Judge